FILED
ASHEVILLE, N.C.
NOV 30 2009
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:08-CV-00093

| | |
|---|---|
| GLENN LEO METHENY and KATHERINE PRIVETT METHENY, <br><br> Plaintiffs, <br><br> vs. <br><br> PRIME CAROLINA, LLC, DAN GRAMMATICO SIGNATURE HOMES, LLC, and FAIRVIEW EXCAVATING, LLC, <br><br> Defendants, <br><br> vs. <br><br> CIVIL DESIGN CONCEPTS, P.A., <br><br> Third-Party Defendant. | **CONSENT DECREE** |

WHEREAS, Defendant Prime Carolina, LLC is the owner and developer of the Grove Park Cove subdivision ("site"), an approximate 30-acre site being developed in the Beaverdam Township of Asheville, Buncombe County, North Carolina, and is the permittee for the site under the National Pollutant Discharge Elimination System, Permit No. NCG010000 ("North Carolina General Stormwater Permit").

WHEREAS, Defendant Dan Grammatico Signature Homes, LLC constructed a residence in the Grove Park Cove subdivision and performed other activities at the site; and

WHEREAS, Defendant Fairview Excavating, LLC is a contractor employed by Defendant Prime Carolina, LLC who conducted land-disturbing activities at the Grove Park Cove subdivision; and

WHEREAS, Third-Party Defendant Civil Design Concepts, P.A., was the engineering firm employed by Defendant Prime Carolina, LLC, to provide civil engineer design services for the Grove Park Cove subdivision; and

WHEREAS, Plaintiffs Glenn Leo Metheny and Katherine Privett Metheny own property downstream from the Grove Park Cove subdivision; and

WHEREAS, on March 18, 2008, Plaintiffs filed a complaint (hereinafter "the Action") with the United States District Court for the Western District of North Carolina, alleging violations by Defendants Prime and Grammatico of §§ 1311, 1342, and 1365 of the federal Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, (hereinafter "CWA" or "the Act"), seeking injunctive relief and civil penalties to abate the continuing discharge of pollutants into waters of the United States in violation of the North Carolina General Stormwater Permit and the CWA and seeking to compel the enforcement against Defendants of the provisions of the CWA; and

WHEREAS, on December 30, 2008, Plaintiffs filed an amended complaint in the Action alleging violations of the Clean Water Act against Defendant Fairview Excavating, LLC; and

WHEREAS, Plaintiffs also included in the Action state common law claims for nuisance, trespass, and negligence, as well as state statutory claims for violations of the North Carolina Sedimentation Pollution Control Act of 1973, N.C.G.S. §§ 113A-50 *et seq.*; and

WHEREAS, the construction of the Grove Park cove subdivision is almost complete and final landscaping and other actions will likely prevent further erosion and sedimentation control problems; and

WHERAS, Defendants Dan Grammatico Signature Homes, LLC and Fairview Excavating LLC, and Third-Party Defendant Civil Design Concepts, P.A. are no longer involved in the development and construction of the Grove Park Cove subdivision; and

WHEREAS, Defendant Prime Carolina, LLC has filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina; and

WHEREAS, the parties believe it is in their mutual best interests that the issues raised in the Action be resolved and that they settle their differences by entering into this Consent Decree for purposes of formalizing the terms of settlement and disposing of this matter. This Consent Decree shall not be deemed as an admission of liability by any party hereto; and

WHEREAS, the parties, in consultation with counsel, have decided to settle their dispute in accordance with this Consent Decree; and

WHEREAS, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency more than forty-five (45) days before the entry of this Consent Decree as required by 33 U.S.C. § 1365 (c)(3).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### I. JURISDICTION

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331.

### II. APPLICABILITY

2. The provisions of this Decree shall apply to and be binding upon the parties hereto, their officers, directors, agents, servants, employees, successors, assigns, members and attorneys,

and upon all those persons, firms and corporations acting under, through or for them, and upon those persons, firms and corporations in active concert or participation with them.

### III. INJUNCTIVE RELIEF

3. At all times subsequent to the date of entry of this Decree, until Defendant Prime Carolina, LLC, is released from coverage by the City of Asheville and/or the North Carolina Department of Environment and Natural Resources ("NC DENR"), Defendant Prime Carolina, LLC shall comply with all applicable terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") Permit, Permit No. NCG010000 (General Permit To Discharge Stormwater Under the National Pollutant Discharge Elimination System), in compliance with N.C. Gen. Stat. § 143.15.1 and other lawful standards and regulations promulgated and adopted by the North Carolina Environmental Management Commission and the federal Clean Water Act, as amended.

### IV. REIMBURSEMENT OF PLAINTIFFS' LITIGATION COSTS

4. Pursuant to 33 U.S.C. § 1365(d), Defendants jointly agree to reimburse Plaintiffs' litigation costs in the amount of $67,642.61. Payment shall be by check payable to the Trust Account of Gary A. Davis & Associates.

### V. PROPERTY DAMAGES

5. Defendants jointly agree to compensate Plaintiffs for the cost necessary to restore the stream on Plaintiffs' property to accommodate for the increased volume of stormwater runoff from the Grove Park Cove subdivision in the amount of $32, 357.39. Payment shall be by check payable to the Trust Account of Gary A. Davis & Associates.

## VI. DISCHARGE OF LIABILITY

6. Payment by Defendants in the sums noted hereinabove at Paragraphs 4 and 5 shall completely discharge Defendants, their officers, directors, agents, servants, employees, successors and/or assigns, from any and all claims which were, or could have been, raised in the complaint, the amended complaints, and/or the Third Party Complaint filed in this action.

7. Payment by Defendants Dan Grammatico Signature Homes, LLC, Fairview Excavating, LLC, and Civil Design Concepts, LLC in their respective portions of the sums noted hereinabove at Paragraphs 4 and 5 shall completely discharge these Defendants, their officers, directors, agents, servants, employees, successors and/or assigns, from any and all claims, whether now known or arising in the future, which were, or could have been, raised in the complaint, and amended complaints, and/or Third Party Complaint filed in this action.

8. Defendant Prime Carolina, LLC, by entering into this decree, waives no defenses for any future claims which might be brought by Plaintiffs, including, but not limited to, the right to assert any defense available to Defendant Prime Carolina, LLC based upon water entering the Grove Park Cove subdivision property from other properties, for which Defendant Prime Carolina LLC has no control or responsibility, and further waives no right to assert claims against other third parties based upon water entering the Grove Park Cove subdivision property from other properties. However, Defendant Prime Carolina, LLC, for its officers, directors, agents, servants, employees, successors and/or assigns does hereby waive and release any and all claims, known or unknown, against Defendant Civil Design Concepts, P.A., its officers, directors, agents, servants, employees, successors and/or assigns related in any way to the Grove Park Cove subdivision, including, but not limited to, all claims that were brought or which could have been brought in the Action.

11. Third-Party Defendant Civil Design Concepts, P.A.'s counterclaim against Defendant Prime Carolina, LLC is dismissed without prejudice.

12. Defendant Fairview Excavating, LLC expressly preserves its right to pursue claims for money owed to it by Defendant Prime Carolina, LLC for work performed at the Grove Park Cove subdivision.

## VII. GENERAL PROVISIONS

13. The undersigned representative(s) for each party certifies that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Decree and to bind that party legally to it.

14. The terms of this Decree shall not be changed, revised or modified except by a written instrument signed by all parties to this Decree or their privies, representatives, agents, successors, or assigns or by further orders of the Court, and shall not take effect until approved by the Court. The parties hereby expressly stipulate to the adequacy and sufficiency of consideration in and for all mutual covenants contained herein.

ENTER this 30 day of November, 2009.

JUDGE MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

_____
GARY A. DAVIS
JAMES S. WHITLOCK
Attorney for Plaintiffs


_____
D. LANE MATTHEWS
Attorney for Defendant Prime Carolina, LLC


_____
ERVIN L. BALL, JR.
Attorney for Defendant Dan Grammatico
Signature Homes, LLC


_____
DAVID R. DIMATTEO
Attorney for Defendant Fairview Excavating, LLC


_____
MATTHEW W. KITCHENS
Attorney for Defendant Civil Design Concepts, P.A.

APPROVED FOR ENTRY:

_____
GARY A. DAVIS
JAMES S. WHITLOCK
Attorney for Plaintiffs

_/s/ Lane Matthews_____
D. LANE MATTHEWS
Attorney for Defendant Prime Carolina, LLC

_____
ERVIN L. BALL, JR.
Attorney for Defendant Dan Grammatico
Signature Homes, LLC

_____
DAVID R. DIMATTEO
Attorney for Defendant Fairview Excavating, LLC

_____
MATTHEW W. KITCHENS
Attorney for Defendant Civil Design Concepts, P.A.

APPROVED FOR ENTRY:

_____
GARY A. DAVIS
JAMES S. WHITLOCK
Attorney for Plaintiffs


_____
D. LANE MATTHEWS
Attorney for Defendant Prime Carolina, LLC

_____
ERVIN L. BALL, JR.
Attorney for Defendant Dan Grammatico
Signature Homes, LLC


_____
DAVID R. DIMATTEO
Attorney for Defendant Fairview Excavating, LLC


_____
MATTHEW W. KITCHENS
Attorney for Defendant Civil Design Concepts, P.A.

APPROVED FOR ENTRY:

_____
GARY A. DAVIS
JAMES S. WHITLOCK
Attorney for Plaintiffs


_____
D. LANE MATTHEWS
Attorney for Defendant Prime Carolina, LLC


_____
ERVIN L. BALL, JR.
Attorney for Defendant Dan Grammatico
Signature Homes, LLC

_____
DAVID R. DIMATTEO
Attorney for Defendant Fairview Excavating, LLC


_____
MATTHEW W. KITCHENS
Attorney for Defendant Civil Design Concepts, P.A.

APPROVED FOR ENTRY:


_____
GARY A. DAVIS
JAMES S. WHITLOCK
Attorney for Plaintiffs


_____
D. LANE MATTHEWS
Attorney for Defendant Prime Carolina, LLC


_____
ERVIN L. BALL, JR.
Attorney for Defendant Dan Grammatico
Signature Homes, LLC


_____
DAVID R. DIMATTEO
Attorney for Defendant Fairview Excavating, LLC

*/s/ Matthew W. Kitchens*
MATTHEW W. KITCHENS
Attorney for Defendant Civil Design Concepts, P.A.